IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KENNETH L. SANFORD,**

        **Plaintiff,**

v.                                                                                 Civil Action No. 3:21cv46

**CITY OF FRANKLIN, VIRGINIA,** *et al.*,

        **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on six motions:

(1)     Defendant the County Administrator for Southampton County's ("Southampton") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] ("Southampton's Motion to Dismiss"), (ECF No. 13);

(2)     Defendant Selective Insurance Company's ("Selective") Motion to Dismiss pursuant to Rule 12(b)(6) ("Selective's Motion to Dismiss"), (ECF No. 16);

(3)     Defendant the City of Franklin's ("Franklin") (collectively, with Southampton and Selective, "Defendants") Motion to Dismiss pursuant to Rule 12(b)(6) ("Franklin's Motion to Dismiss," collectively with Southampton and Selective's Motions to Dismiss, the "Motions to Dismiss"), (ECF No. 24);

(4)     Defendants Southampton and Selective's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(c)[2] ("Southampton's Motion for Sanctions"), (ECF No. 18);

(5)     Plaintiff Kenneth L. Sanford's Motion to Dismiss the Motion for Sanctions (ECF No. 20);[3]

---

[1] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] Rule 11 authorizes the Court to impose sanctions on parties that violate the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(c).

[3] In deference to Sanford's status as a *pro se* litigant, the Court will construe this Motion as Sanford's response to the Motion for Sanctions because Sanford request no additional relief beyond denial of the Motion for Sanctions. (*See* ECF No. 20.)

(6) Sanford's Motion to Join Civil Lawsuit (the "Motion to Join"), (ECF No. 27); and

(7) Sanford's Motion for Signature (the "Motion for Signature"), (ECF No. 28.)

Sanford responded to the Motions to Dismiss, (ECF Nos. 21, 26), and to Southampton's Motion for Sanctions, (ECF No. 23). Defendants did not respond to Sanford's Motion to Dismiss the Motion for Sanctions or the Motion to Join, and the time to do so has expired.

This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[4] For the reasons that follow, the Court will grant the Motions to Dismiss and dismiss the Complaint without prejudice. The Court will deny the Motion for Sanctions and the Plaintiff's Motion to Dismiss.

## I. Factual and Procedural Background[5]

On January 22, 2021, Sanford commenced the present action in this Court, alleging that Defendants violated his constitutional rights under the Fourteenth Amendment and discriminated against him in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Compl. 3.) In the Complaint, Sanford alleges that he "has been exposed to Discrimination by the Court System of Southampton County." (*Id.* 4.) Specifically, Sanford avers that the Southampton

---

[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a). Sanford brings his claims under the Fourteenth Amendment and the 1964 Civil Rights Act (add cite). (Compl. 3, ECF No. 1.)

[5] For the purpose of the Rule 12(b)(6) Motions to Dismiss, "a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)).

Circuit Court leaked unspecified information about him to an employee of the City of Franklin and that action, he argues, violates the Privacy Act Laws "because it was done without Mr. Sanford['s] permission." (*Id.*) Sanford also alleges that the "City of Franklin then provided lawyers to be Selective Insurance Company [sic] Lawyers which they could not do no State Agency can conduct business for a Private Company." (*Id.*) Sanford maintains that "No Physical injuries occurred [as a result of Defendants' actions,] just Mental Pain and Emotion." (*Id.* 5.) To redress his injuries, Sanford requests $220,000,000.00 in punitive damages. (*Id.* 6.)

## II. Standards of Review

### A. Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a Complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a Complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.") Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the Complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the Complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

B. **Obligation to Construe *Pro Se* Pleadings Liberally**

Because Sanford proceeds *pro se* in the Motion, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citations omitted)). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Federal Rule of Civil Procedure 8 for "all civil actions"). A *pro se* plaintiff litigant must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise

on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014) (internal quotation marks and citations omitted).

### III. Analysis

The Court will address the Motions seriatim. First, because Sanford does not allege facts sufficient to support either a claim for violation of the Civil Rights Act of 1964 or the Fourteenth Amendment under 42 U.S.C. § 1983,[6] the Court will grant the Motions to Dismiss. Next, the Court will deny Sanford's Motion to Join because no basis of removal exists for his state court proceeding. Finally, the Court will deny Southampton's Motion for Sanctions but remind Sanford of his Rule 11 obligations.

#### A. The Court Will Grant the Motions to Dismiss

Defendants seek dismissal of Sanford's claim under Rule 12(b)(6)[7] on several grounds. As to Sanford's Civil Rights Act of 1963 claim, the Court will grant the Motions to Dismiss because Sanford does not allege any facts to support a discrimination claim against any Defendant. The Court will also grant the Motions to Dismiss as to Sanford's Fourteenth

---

[6] Sanford identifies 42 U.S.C. § 1983 as the statutory vehicle for his claims. (Compl. 3.) Section 1983 imposes liability on state actors who cause the "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. "To succeed on a § 1983 claim, a plaintiff must prove by a preponderance of the evidence that: (1) the defendant engaged in conduct which deprived plaintiff of a federal constitutional or statutory right, (2) that the defendant was acting under color of law, and (3) that the acts of that defendant proximately caused the plaintiff's damages." *Daniczek v. Spencer*, 156 F. Supp. 3d 739, 747 (E.D. Va. 2016) (citing *Amato v. City of Richmond*, 875 F. Supp. 1124, 1132–33 (E.D. Va. 1994)).

[7] Although the Defendants submit their Motions pursuant to Rule 12(b)(6), the Court also finds Federal Rule of Civil Procedure 8(a) relevant to the matter at hand. Rule 8(a) requires that a pleading seeking relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint fails to adhere to Rule 8's directives because despite alleging that Defendants violated the Fourteenth Amendment and the Civil Rights Act of 1964, the Complaint does not provide any facts to give Defendants or the Court "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted).

Amendment violation claim because the Complaint does not plausibly allege that any Defendant violated Sanford's constitutional rights.

### 1. The Court Will Dismiss Sanford's Claim for Violation of the Civil Rights Act of 1964

Even read liberally, Sanford's Complaint does not present any basis to reasonably infer a plausible claim that the Defendants violated the Civil Rights Act of 1964 by discriminating against him. The Civil Rights Act of 1964 (or the "Act") prohibits discrimination on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000 *et seq.* Provisions of the Act forbid discrimination on the basis of sex, and, race in, for instance, hiring, promoting, and firing. 42 U.S.C. § 2000e *et seq.* The Act prohibits discrimination in other realms of society such as public accommodations and federally funded programs. 42 U.S.C. § 2000d *et seq.*

The sparse facts included in Sanford's Complaint include that: (1) the City of Franklin hired a lawyer on behalf of Selective Insurance Company; (2) the Southampton Circuit Court ignored his filings and did not provide information to him; and, (3) the Southampton Circuit Court provided unspecified information about Sanford to the City of Franklin. (Compl. 4.) None of these facts would allow the Court to reasonably infer that any Defendant discriminated against Sanford, and such facts especially do not show how Defendants could have violated the Civil Rights Act of 1964. Sanford does not even allege the protected class under the Civil Rights Act of which he is a member. Additionally, he does not allege which section of the Act, of the many protecting classes from discrimination in various situations, he files this claim under.

Absent more than conclusory allegations that the Defendants discriminated against him, Sanford cannot "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Sanford's allegation of discrimination fails to provide sufficient plausible facts to establish that Defendants violated the Civil Rights Act of 1964.

    **2.**  **The Court Will Dismiss Sanford's Claim That Defendants Violated His Constitutional Rights Under the Fourteenth Amendment**

  For the same reasons, the Court will dismiss Sanford's Fourteenth Amendment claim. Sanford avers in the Complaint that he is suing the Defendants "under . . . the 14th Amendment of the Constitution Equal Protection Under the Law." (Compl. 3.) The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). State action "is unconstitutional when it creates arbitrary or irrational distinctions between classes of people out of a bare desire to harm a politically unpopular group." *Grimm v. Gloucester Cnty. Sch. Bd.*, No. 19-1952, 2020 WL 5034430, at *13 (4th Cir. Aug. 26, 2020), as amended (Aug. 28, 2020) (internal citations, quotations, and alterations omitted).

  Sanford identifies the actions that Defendants allegedly committed giving rise to this claim. However, no fact in the Complaint can support an allegation that the Defendants violated the Fourteenth Amendment. Sanford alleges only that: (1) that the City of Franklin hired a lawyer on behalf of Selective Insurance Company; (2) the Southampton Circuit Court ignored his filings and did not provide information to him; and, (3) the Southampton Circuit Court provided unspecified information about Sanford to the City of Franklin. (*Id.* 4.) None of these facts allow the Court to reasonably infer that Defendants violated Sanford's Fourteenth Amendment rights under the Equal Protection Clause. For instance, the Complaint lacks any facts as to a County Administrator of Southampton County or its policies. *See Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (reasoning that a municipality may only be held liable under 42 U.S.C. § 1983 for the acts or omissions of its employees or officials taken

pursuant to a policy of that government). Most importantly, Sanford fails to identify the "politically unpopular group" under which he falls that would support his Equal Protection claim, nor does he include any action by the Defendants that would constitute creating "arbitrary or irrational distinctions between classes of people out of a bare desire to harm a politically unpopular group." *Grimm*, No. 19-1952, 2020 WL 5034430, at *13.

As to Selective Insurance, Sanford does not allege how it acted under color of law sufficient to maintain a § 1983 claim. "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (internal quotations and citations omitted). "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) (citation omitted). The Complaint does not present what action, if any, creates a nexus between Selective Insurance and the State sufficient to lodge a § 1983 claim against it. Absent more, Sanford cannot advance his § 1983 claim for violation of the Fourteenth Amendment against Selective Insurance.

Similarly, Sanford's Complaint lodges nothing more than conclusory allegations against Defendants outside any grounding in either fact or law. Without more, the Complaint cannot withstand a Rule 12(b)(6) challenge. Sanford's conclusory allegations fail to provide any plausible facts to establish that the Defendants took part in any actions against Sanford that violated the Fourteenth Amendment to warrant punitive damages of $220,000,000. (*Id.* 6.)

**B.     The Court Will Deny Sanford's Motion to Join**

Read liberally, in the Motion to Join, Sanford seeks to remove a state action to this Court and join such action to the above-captioned matter. In the Motion to Join, Sanford asks this

Court to join "Case CL 20-905 filed in 7th Circuit Court of Southampton County, Virginia" because that case has allegedly "followed none of the rules of the Virginia Court systems [and] Mr. Sanford rights have been severely abused by the Circuit Court of Southampton County." (Mot. Join 1, ECF No. 27.)

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action to a federal district court if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). A federal court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1).

"The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id*. (citing *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). In deference to federalism concerns, courts must strictly construe removal jurisdiction. *Id*. (citing *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." *Id*. (quoting *Mulcahey*, 29 F.3d at 151).

No basis for removal exists here. Sanford, as plaintiff in the Circuit Court for Southampton County case, does not enjoy the right to properly remove his case to this Court under 28 U.S.C. § 1441(a). *Lewis v. Khadduri*, No. 3:20cv545, 2020 WL 576635, at *2 (E.D. Va. Aug. 19, 2020) ("Indeed, 28 U.S.C. § 1441 allows *defendants* to remove a case from state court to federal court.") (emphasis in original). Sanford fails to identify a reason for this Court to

9

entertain his procedurally improper removal of his state court case. Even in deference to his *pro se* status, the Court sees no diversity or federal jurisdiction basis for removal and Sanford provides none, perhaps because he cannot. Because the Court must strictly construe removal jurisdiction, the Court will deny Sanford's Motion to Join. *See Abraham*, 2011 WL 1790168, at *1.

        C.      **Rule 11 Warning to Sanford**

The Court will deny Southampton's Motion for Sanctions at this time but reminds Sanford of the requirements of Federal Rule of Civil Procedure 11. Rule 11(b) requires any party that signs a motion to conduct a reasonable inquiry into the facts and law underlying the submission in order to ensure that the motion is well grounded factually and legally. *See* Fed. R. Civ. P. 11(b).[8] "If, after notice and a reasonable opportunity to respond, the court determines

---

[8] Federal Rule of Civil Procedure 11(b) reads in full:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Importantly, Rule 11 applies to both represented and *pro se* parties. *See Harmon v. O'Keefe*, 149 F.R.D. 114, 116 (E.D. Va. 1993) (internal citation omitted).

Sanford has now lodged at least seven filings related to this claim that lack any good-faith basis. Two motions sought to enter Default Judgement against Defendants before Sanford had properly served them with service of process. (ECF Nos. 4, 5.) Another sought to dismiss Defendant's Motions without asserting any basis in law or fact.[9] (ECF No. 20.) Even given Sanford's *pro se* status, "[e]ven a brief inquiry into the Federal Rules of Civil Procedure would have revealed that these motions were not pertinent . . . and would be inevitably denied." *Price v. First Star Mortg.*, No. 2:03cv568, 2006 WL 2381921, at *3 (E.D. Va. Aug. 15, 2006).

Although the Court remains cognizant of Sanford's *pro se* status, *pro se* plaintiffs "must nevertheless abide by minimum standards of rationality and specificity." *In re Grenadier*, No. 1:18mc10, 2018 WL 3233648, at *7 (E.D. Va. July 2, 2018). The filing of frivolous motions imposes costs on opposing parties and the Court, delays litigation, and fails to serve the ends of justice.

The Court therefore warns and admonishes Sanford that his lack of counsel does not excuse him from meeting the requirements of Rule 11 and fulfilling the obligation to file only those motions that have a good-faith basis in law and fact. Should Sanford continue to file frivolous motions, the Court will be constrained to consider sanctions under Rule 11(b), including monetary penalties or a prefiling injunction. *Barlow v. Colgate Palmolive Co.*, 772

---

[9] Because the Court directs Sanford to amend his complaint, the Court will deny as moot his Motion for Signature. (ECF No. 28.)

11

F.3d 1001, 1008 (4th Cir. 2014) ("If a court 'determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . . although the sanction 'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.'" (citation omitted)).

### III.  Conclusion

For the foregoing reasons, the Court will grant the Motions to Dismiss, (ECF Nos. 13, 16, 24), and dismiss the Complaint without prejudice. The Court will deny the Motion for Sanctions. (ECF No. 18.) The Court will deny the Plaintiff's Motion to Dismiss, (ECF No. 20), Motion to Join, (ECF No. 27), and Motion for Signature, (ECF No. 28.)

In deference to Sanford's *pro se* status and in the interest of justice, the Court will grant Sanford leave to file an Amended Complaint. If Sanford chooses to do so, he SHALL file his Amended Complaint no later than September 1, 2021. The Amended Complaint shall outline in simple and straightforward terms why Sanford thinks that he is entitled to relief and why the Court has jurisdiction over their case. *See* Fed. R. Civ. P. 8(a)(1–2).

The Amended Complaint shall also comply with the following directions:

1. At the very top of the amended pleading, Sanford must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:21cv46."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, Sanford must set forth legibly and coherently, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief.

3. Sanford shall also include the relief he requests – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Sanford may not reference statements in the prior complaint.

5. The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Morchower*, No. 3:08cv100, 2009 WL 211578, at *2.

Sanford shall comply with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Virginia. The Court advises Sanford that failure to strictly comply with the Court's directives and with applicable rules will result in dismissal of this action WITH PREJUDICE.

An appropriate Order shall issue.

Date: July 30, 2021
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge

13