IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH L. SANFORD,

                **Plaintiff,**

    v.                                 **Civil Action No. 3:21cv46**

CITY OF FRANKLIN, VIRGINIA, *et al.,*

                **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on twenty-three motions:

(1)      Defendant Selective Insurance Company's ("Selective") Motion to Dismiss Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] ("Selective's Motion to Dismiss"), (ECF No. 42);

(2)      Defendant County Administrator for Southampton County's ("Southampton") Motion to Dismiss Amended Complaint pursuant to Rule 12(b)(6) ("Southampton's Motion to Dismiss"), (ECF No. 44);

(3)      Defendant City of Franklin's ("Franklin") (collectively, with Selective and Southampton, "Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 8(a)(2)[2] and Rule 12(b)(6) ("Franklin's Motion to Dismiss," collectively with Selective and Southampton's Motions to Dismiss, the "Motions to Dismiss"), (ECF No. 46);

(4)      Defendant Selective and Southampton's Second Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11(c)[3] ("Selective's Motion for Sanctions"), (ECF No. 49);

---

[1] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[2] Rule 8(a) requires that a pleading seeking relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[3] Rule 11 authorizes the Court to impose sanctions on parties that violate the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 11(c).

(5)     Defendant Franklin's Motion for Sanctions pursuant to Rule 11(c) ("Franklin's Motion for Sanctions," collectively with Selective's Motion for Sanctions, the "Motions for Sanctions"), (ECF No. 50);

(6)     Defendant Selective's Motion for Protective Order, (ECF No. 66);

(7)     Plaintiff Kenneth L. Sanford's Motion Requesting Clerk's Signature for Subpoena, (ECF No. 53);

(8)     Sanford's Motion to Amend/Correct Date on Subpoena Documents, (ECF No. 54);

(9)     Sanford's Motion to Submit Supreme Court of Virginia Ruling as Evidence, (ECF No. 56);

(10)    Sanford's Motion for a Trial Date, (ECF No. 58);

(11)    Sanford's Motion to Submit Violation of His Rights as a Service Member, (ECF No. 59);

(12)    Sanford's Motion Requesting Clerk Signature for Subpoena on Selective Insurance, (ECF No. 64);

(13)    Sanford's Motion to Change Venue from the State of Virginia, (ECF No. 69);

(14)    Sanford's Motion to Introduce Evidence of Misleading Settlement Negotiation, (ECF No. 71);

(15)    Sanford's Motion for Disciplinary Action on Selective Insurance, (ECF No. 73);

(16)    Sanford's Motion for a Hearing, (ECF No. 79);

(17)    Sanford's Motion for a Hearing, (ECF No. 82);

(18)    Sanford's Motion to Submit Evidence, (ECF No. 84);

(19)    Sanford's Motion to Join Department of Justice, (ECF No. 85);

(20)    Sanford's Motion Request for the Issue of a Subpoena to Secure Records from Glenn Robinson Cathey Memmer & Skaff PLC, (ECF No. 87);

(21)    Sanford's Motion for Trial Date, (ECF No. 90);

(22)  Sanford's Motion Against Request of Objection to the Subpoena Duces Tecum Being Issued by the Clerk of Court, (ECF No. 91); and,

(23)  Sanford's Motion to Inform the Court of Freedom of Information Request, (ECF No. 92), (collectively with ECF Nos. 53, 54, 56, 58, 64, 69, 71, 73, 79, 82, 84, 85, 87, 90, and 91 "Sanford's Motions"),

Sanford responded to the Motions to Dismiss,[4] (ECF No. 48), Selective's Motion for Protective Order, (ECF No. 68), and the Motions for Sanctions, (ECF No. 52).

Franklin responded, (ECF No. 55), to Sanford's Motions Requesting Clerk's Signature for Subpoena and to Amend/Correct Date on Subpoena Documents, (ECF No. 53, 54), to which Sanford replied, (ECF No. 57). Franklin also responded, (ECF No. 93), to Sanford's Motion to Inform the Court of Freedom of Information Request. (ECF No. 92.) Selective responded, (ECF No. 65), to Sanford's second Motion Requesting Clerk Signature for Subpoena on Selective, (ECF No. 64), Sanford's Motion for Disciplinary Action on Selective, (ECF No. 77), and Sanford's Request for the Issue of a Subpoena from Glenn Robinson Cathey Memmer & Skaff PLC, (ECF No. 89). Sanford replied to Selective's response. (ECF No. 81.)

All Defendants responded, (ECF Nos. 60, 61, 62, 70, 72), to Sanford's Motion to Submit Violation of His Rights as a Service Member, (ECF No. 59), and Motion to Change Venue. (ECF No. 69). Sanford replied to Defendants' oppositions. (ECF Nos. 75, 76.) Defendants did not respond to Sanford's Motion to Join the Department of Justice, (ECF No. 85), or any of the remaining Motions, (ECF Nos. 56, 58, 71, 79, 82, 90, 91), and the time to do so has expired.

---

[4] Defendants included in each motion to dismiss a notice consistent with the requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Civil Rule 7(K). (ECF Nos. 42, 44, 46.) The *Roseboro* Notice informed Sanford that he had twenty-one (21) days to respond to the Motions to Dismiss, and that failure to respond could result in dismissal of his claims.

These matters are ripe for disposition.  The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.  The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[5] For the reasons that follow, the Court will deny Sanford's Motion to Submit Violation of His Rights as a Service Member, (ECF No. 59), and Motion to Join the Department of Justice, (ECF No. 85), grant the Motions to Dismiss, (ECF Nos. 42, 44, 46), and dismiss the Amended Complaint, (ECF No. 40), with prejudice.  The Court will deny the Motions for Sanctions.  (ECF Nos. 49, 50.)  The Court will also deny Selective's Motion for Protective Order, (ECF No. 66), and Sanford's remaining Motions, (ECF Nos. 53, 54, 56, 58, 64, 69, 71, 73, 79, 82, 84, 87, 90, 91, 92) as moot.

## I.  Factual and Procedural Background[6]

### A.  *Sanford II*:  The Richmond 2021 Complaint

On January 22, 2021, Sanford commenced this action, alleging that Defendants violated his constitutional rights under the Fourteenth Amendment and discriminated against him in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[7]  (ECF No. 1, at 3.)  In his

---

[5] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a).  Sanford brings his claims under the Fourteenth Amendment and the 1964 Civil Rights Act.  42 U.S.C. § 2000e *et seq.*  (ECF No. 40, at 2.)

[6] For the purpose of the Rule 12(b)(6) Motions to Dismiss, "a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'"  *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)).

[7] The Court employs the pagination assigned by the CM/ECF docketing system.  The Court corrects the spelling, punctuation, capitalization, and grammar in the quotations from Sanford's submissions.

original Complaint, Sanford alleged that he "ha[d] been exposed to [d]iscrimination by the [c]ourt [s]ystem of Southampton County." (ECF No. 1, at 4.)  Specifically, Sanford stated that the Southampton Circuit Court leaked unspecified information about him to an employee of the City of Franklin. (ECF No. 1, at 4.)  That action, he contended, violated the "[Privacy] Act Laws because it was done without [] Sanford['s] permission." (ECF No. 1, at 4.)  Sanford also declared that the "City of Franklin then provided lawyers to be Selective Insurance Company['s] [l]awyers[,] which they could not do." (ECF No. 1, at 4.)  Sanford maintained that "[n]o [p]hysical injuries occurred [as a result of Defendants' actions,] just [m]ental [p]ain and [e]motion." (ECF No. 1, at 5.)  To redress his injuries, Sanford requested $220,000,000.00 in punitive damages. (ECF No. 1, at 6.)

On March 19, 2021, Southampton and Selective each filed Motions to Dismiss for Failure to State a Claim. (ECF Nos. 13, 16.)  Selective and Southampton also jointly filed a Motion for Sanctions, (ECF No. 18), against Sanford for "clearly frivolous" claims against Defendants that "lacked a good faith basis in law or fact." (ECF No. 19, at 5).  On April 2, 2021, Franklin followed with its own Motion to Dismiss. (ECF No. 24.)

Between March 22, 2021, and July 30, 2021, Sanford lodged at least six filings related to his claim that lacked any good-faith basis.  Two motions sought to enter default judgment against Defendants before Sanford had properly served them with service of process. (ECF Nos. 4, 5.)  Another motion sought to dismiss Defendants' Motions to Dismiss without asserting any basis in law or fact. (ECF No. 20.)

On July 30, 2021, this Court granted the Defendants' Motions to Dismiss and dismissed Sanford's Complaint without prejudice because "Sanford [did] not allege facts sufficient to support either a claim for violation of the Civil Rights Act of 1964 or the Fourteenth Amendment

under 42 U.S.C. § 1983." (ECF No. 33, at 5.)  In support of this decision, the Court stated that "[t]he Complaint lodge[d] nothing more than conclusory allegations against Defendants outside any grounding in either fact or law." (ECF No. 33, at 8.)  The Court specifically noted that Sanford had not "even allege[d] the protected class under the Civil Rights Act of which he is a member . . . [and] which section of the Act, of the many protecting classes from discrimination in various situations, he file[d] the claim under." (ECF No. 33, at 6.)  The Court also explained that Sanford's Fourteenth Amendment claim lacked "any facts as to a County Administrator of Southampton County or its policies . . . [and] fail[ed] to identify the 'politically unpopular group' under which he falls that would support his Equal Protection claim." (ECF No. 33, at 7–8.)  The Court highlighted that the Complaint also failed to allege how Selective "acted under color of law sufficient to maintain a § 1983 claim." (ECF No. 33, at 8.)  After dismissing Sanford's Complaint, the Court granted him leave to file an Amended Complaint. (ECF No. 33, at 12.)

In the same Opinion dismissing Sanford's Complaint, the Court denied Selective and Southampton's Motion for Sanctions, but provided Sanford with a "Rule 11 Warning." (ECF No. 33, at 10–12.)  The decision quoted Federal Rule of Civil Procedure 11 in its entirety.  The Court "admonishe[d] Sanford that his lack of counsel d[id] not excuse him from meeting the requirements of Rule 11 and fulfilling the obligation to only file motions that have a good-faith basis in law and fact." (ECF No. 33, at 11.)  The Court warned that if Sanford continued to file frivolous motions, it would be "constrained to consider sanctions under Rule 11(b), including monetary penalties or a prefiling injunction." (ECF No. 33, at 11.)

On August 30, 2021, Sanford filed his Amended Complaint. (ECF No. 40.)  In the Amended Complaint, Sanford, as a Black disabled United States Marine, invokes the Civil Rights Act of 1964 and the Privileges and Immunities, Due Process, and Equal Protection

Clauses of the Fourteenth Amendment. (ECF No. 40.) He decries the action of the state court and its judge, as well as the foreclosure on his home and loss of his car for tax delinquency under a "false tax bill." (ECF No. 40, at 1–3.) He seeks $220,000,000.00 dollars as recompense for the "unlawful punishment" imposed by Defendants. (ECF No. 40, at 1.)

Defendants' Motions to Dismiss followed shortly thereafter. (ECF Nos. 42, 44, 46.) In direct contravention of the Court's July 21, 2021 Opinion, Sanford has filed seventeen motions after the Motions to Dismiss. (ECF Nos. 53, 54, 56, 58, 59, 64, 69, 71, 73, 79, 82, 84, 85, 87, 90, 91, 92.)

### B.    *Sanford I*:  The Norfolk 2015 Complaint, Case No. 2:15cv521

It bears noting that, not only has Sanford repeatedly sought similar redress in state courts, but he also is not new to the Eastern District of Virginia.   In 2015, Sanford filed a complaint in the Norfolk Division alleging, among other things, that the City of Franklin unlawfully sold his home at public auction in violation of his Due Process rights and a real estate exemption under the Americans with Disabilities Act ("ADA"). *See Sanford v. City of Franklin*, No. 15cv521, 2016 WL 8260049 (E.D. Va. Feb. 11, 2016) ("*Sanford I*").  In that complaint, Sanford alleged a violation of his due process and civil rights in a summary fashion. *See Sanford I*, 2016 WL 8260049 at *1–2.  Sanford alleged defamation when his name was published online and in newspapers. *See id.* at *2.  He complained about a boot being placed on his vehicle and trespass by a private company. *See id.*

The Honorable Raymond A. Jackson granted a motion to dismiss Sanford's claims. Judge Jackson found that the South Hampton County Circuit Court had already heard and decided the due process rights regarding tax exemption under the ADA.  Under the *Rooker-*

*Feldman*[8] doctrine, Sanford's case was barred because federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at *3 (quoting *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

In the alternative, Judge Jackson evaluated, to the extent stated, Sanford's alleged violations of due process, the ADA, the United States Constitution, the Virginia Constitution, and claims of defamation, trespass, and the "booting" of his car. *See Id.* at *3–5. After review, the *Sanford I* court determined that Sanford failed to state a claim on all counts. *See Id.* On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the District Court's judgment. *Sanford v. City of Franklin,* 668 Fed. App'x. 478 (4th Cir. 2016). On February 21, 2017, the United States Supreme Court denied certiorari. *Sanford v. City of Franklin*, 137 S. Ct. 1093 (2017).

## II.  Standards of Review

### A.    Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a Complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a Complaint must contain sufficient factual

---

[8] "The 'essence of the [*Rooker-Feldman*] doctrine, which is derived from federalism, comity, and the U.S. Supreme Court's exclusive appellate jurisdiction over state-court decisions, [is] that a federal district court will not engage in what amounts to appellate review of a state court's decision.'" *Sanford I*, No. 15cv521 at *3 (quoting *Rutledge v. Commonwealth Dep't of Soc. Servs.*, No. 2:09cv483, 2009 U.S. Dist. LEXIS 133016, at *5 (E.D. Va. Nov. 4, 2009)).

information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the Complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79; *see also Kensington Volunteer Fire Dept., Inc. v. Montgomery County, Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the Complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

**B.      Rule 8(a)**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement" of the grounds for this Court's jurisdiction and a "statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). The Rules require such pleading "to 'give the defendant

9

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Even *pro se* plaintiffs must recognize Rule 8's vision for a system of simplified pleadings that give notice of the general claim asserted, allow for the preparation of a basic defense, narrow the issue to be litigated, and provide a means for quick dispositions of sham claims." *Sewraz v. Morchower*, No. 3:08cv100, 2009 WL 211578, at *1 (E.D. Va. Jan. 28, 2009) (quoting *Prezzi v. Berzak*, 57 F.R.D. 149, 151 (S.D.N.Y. 1972)) (internal quotation marks omitted). Unnecessarily verbose statements "place an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage." *Id.*, 2009 WL 211578, at *1 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)) (internal quotation marks omitted).

### C. Obligation to Construe *Pro Se* Pleadings Liberally

Because Sanford proceeds *pro se* in this case, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks and citations omitted)). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Federal Rule of Civil Procedure 8 for "all civil actions"). A *pro se* plaintiff litigant must allege facts sufficient to state a cause of action. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999) (citation omitted). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims that the [litigant] failed to clearly raise

10

on the face of [the] complaint." *Newkirk v. Cir. Ct. of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014) (internal quotation marks and citations omitted).

### III. Analysis

To the extent it can, the Court will address the motions by subject matter. First, to the extent Sanford attempts to file his Motion to Submit Violation of His Rights as a Service Member by adding claims under the "Service Member Civil Relief Act and American Disability Act of 1990," he cannot do so. (ECF No. 59, at 2.) To add any basis for an additional cause of action, Sanford would have to seek leave to amend his complaint, and he fails to offer any identifiable basis to present a Second Amended Complaint. To the extent the Court must construe this motion as one to amend, it will be denied. For comparable reasons, Sanford's Motion to Join the Department of Justice will be denied as an improper attempt to join a party. (ECF No. 85.) Sanford does not establish a cognizable basis for the Court to grant either a motion for required or permissive joinder under Federal Rules of Civil Procedure 19 or 20, so his Motion to Join will be denied.

Second, because Sanford does not allege facts sufficient to support either a claim for violation of the Civil Rights Act of 1964 or the Fourteenth Amendment under 42 U.S.C. § 1983,[9]

---

[9] Although he did so in his original Complaint, Sanford does not identify 42 U.S.C. § 1983 as the statutory vehicle for his constitutional claim. (*Compare* ECF No. 1, at 3 *with* ECF No. 40, at 1–3.) Nonetheless, the Court will liberally construe Sanford's Fourteenth Amendment claim as arising out of that provision. Section 1983 imposes liability on state actors who cause the "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Sanford cites, without tying it to any fact or claim, the Privileges and Immunities clause of the Fourteen Amendment in his Amended Complaint.

"To succeed on a § 1983 claim, a plaintiff must prove by a preponderance of the evidence that: (1) the defendant engaged in conduct which deprived plaintiff of a federal constitutional or statutory right, (2) that the defendant was acting under color of law, and (3) that the acts of that defendant proximately caused the plaintiff's damages." *Daniczek v. Spencer*, 156 F. Supp. 3d 739, 747 (E.D. Va. 2016) (citing *Amato v. City of Richmond*, 875 F. Supp. 1124, 1132–33 (E.D. Va. 1994)).

the Court will grant the Motions to Dismiss. (ECF Nos. 42, 44, 46.) The Court notes that it dismissed this claim on the nearly identical basis in July of 2021. (ECF No. 33, at 5–8.)

Third, the Court will deny the Motions for Sanctions, (ECF Nos. 49, 50), but it once again strongly admonishes Sanford to heed his Rule 11 obligations. If Sanford files another frivolous case, he likely will be enjoined from filing any action in the United States District Court for the Eastern District of Virginia without first filing an Application for Leave to File Suit in the Court. In the alternative, the Court will impose monetary penalties.

### A.      The Court Will Grant the Motions to Dismiss

Defendants seek dismissal of Sanford's claims pursuant to Rules 12(b)(6) and 8(a) and on several other grounds. As to Sanford's Civil Rights Act of 1964 claim, the Court will grant the Motions to Dismiss because Sanford does not allege any facts to support a discrimination claim against any defendant. The Court will also grant the Motions to Dismiss as to Sanford's Fourteenth Amendment claim because the Amended Complaint does not plausibly allege that any defendant violated Sanford's constitutional rights. Given Sanford's *pro se* status the Court will speak to some additional motions, but the dismissal of his Amended Complaint renders all other motions moot.

####      1.      To the Extent He Attempts to File One, the Court Will Deny Sanford the Right to File a Second Amended Complaint based on Additional Claims or Additional Parties

#####           a.  Additional Claims

The Court must address two matters before turning to the Motions to Dismiss. As noted, it is unclear to the Court if Sanford intends his Motion to Submit Violation of His Rights as a Service Member, (ECF No. 59), to serve as a Second Amended Complaint. To the extent it

12

could result in placing a second amended complaint at bar, the Court must decide that issue first because any motion to dismiss must pertain to the operable complaint.

Although Sanford's motion about his service member's rights asks the Court to "add the following violation to his case" and "enter into the record the two Federal Laws that have been violated by . . . Defendants in this case," Sanford did not receive consent from Defendants or leave from the Court to amend as required by Federal Rule of Civil Procedure 15.[10] (ECF Nos. 60, 61, 62.) Not only were some of these claims dismissed for failure to state a claim in *Sanford I*, 2016 WL 8260049, but any amendment would also violate Rule 15 and cannot stand.

Sanford's Amended Complaint was filed on August 30, 2021, which created a September 20, 2021 deadline for amendment as a matter of course. Sanford did not file his Motion to Submit Violation of His Rights as a Service Member, (ECF No. 59), until December 22, 2021, so it could not serve as an amendment as a matter of course under Rule 15. Because

---

[10] Federal Rule of Civil Procedure 15(a) reads in part:

(a) AMENDMENTS BEFORE TRIAL.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it; or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Sanford did not receive consent from the Defendants to amend or request leave from the Court to amend, he similarly did not satisfy the Rule 15 requirements for other amendments. This attempt to amend under Rule 15 is, therefore, frivolous.

This motion is improper on at least two other grounds. First, Sanford "may not spackle new allegations or defendants onto the original [or Amended] [C]omplaints." *Prasad v. Vick*, No. 3:16cv40, 2017 WL 1091785, at *1 (citing *Williams v. Wilkerson*, 90 F.R.D. 168, 169–70 (E.D. Va. 1981)). When a plaintiff seeks to amend his or her complaint, "a copy of the proposed amended pleading, and not simply the proposed amendment, must be attached to the motion." *Williams*, 90 F.R.D. at 170.

Second, the Motion does little more than repeat the text of 50 U.S.C. §§ 4042 and 4043 and the Americans with Disabilities Act of 1990, (ECF No. 59 at 2–6), and it would be dismissed under the same reasoning that will follow for Sanford's Amended Complaint. (ECF No. 40.) As with his other claims, Sanford fails to tie any factual allegation to a particular violation or harm. For all these reasons, any attempt to amend would be frivolous and will be denied.

### b. **Additional Parties**

Sanford seeks to add the Department of Justice to his Amended Complaint. (ECF No. 85.) Fed. R. Civ. P. 19[11] governs when a party's joinder is required, and

---

[11] Federal Rule of Civil Procedure 19(a) reads in full:

(a) PERSONS REQUIRED TO BE JOINED IF FEASIBLE.

(1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

Fed. R. Civ. P. 20[12] governs permissive joinder.  Neither require leave to amend, but the effect of

the action amounts to an amendment to the complaint because a new party is added.  To the

extent Sanford seeks to do either, his efforts falter.

       Sanford moved for the joinder of the Department of Justice because he claims it

"with[eld] evidence about the Defendants" in the present action.  (ECF No. 85, at 2.)  Because

the Department of Justice is not necessary for the Court to "accord complete relief," and because

it is not "claim[ing] an interest" in the action, the agency is not a required party.  Fed. R. Civ.

P. 19(a).  Sanford's claims that the Department of Justice has "improperly withheld" documents

---

                       (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

                              (i) as a practical matter impair or impede the person's ability to protect the interest; or

                              (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

    [12] Federal Rule of Civil Procedure 20(a)(2) reads in full:

(a) PERSONS WHO MAY JOIN OR BE JOINED.

       (2) *Defendants*. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

                       (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

                       (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

that he wishes to use as evidence to "show a crime has been committed . . . by the Defendants,"
(ECF No. 85, at 2), do not arise out of the same "transactions or occurrences" as Sanford's
constitutional claims against Defendants, nor do they share common questions of law or fact.
Fed. R. Civ. P. 20(a)(2).   Thus, even read liberally as a motion for joinder, Sanford's Motion to
Join the Department of Justice is frivolous and will be denied.

      Given the denial of any attempt to amend, the Court will turn to the dismissal motions
aimed at the Amended Complaint currently before the Court.   For the reasons stated below, they
will be granted.

      **2.     The Court Will Dismiss Sanford's Claim for Violation of the Civil
           Rights Act of 1964**

      Even read liberally, Sanford's Amended Complaint, (ECF No. 40), does not present any
basis to reasonably infer a plausible claim that the Defendants violated the Civil Rights Act of
1964 by discriminating against him.   The Civil Rights Act of 1964 (the "Act") prohibits
discrimination on the basis of race, color, religion, sex or national origin.   42 U.S.C. § 2000e *et
seq.*   Provisions of the Act forbid discrimination on the basis of sex and race in, for instance,
hiring, promoting, and firing.   *Id.*   The Act prohibits discrimination in other realms of society
such as public accommodations and federally funded programs.   *Id.*

      The scant facts in Sanford's Amended Complaint include that:  (1) Sanford is a "Black
Citizen living in Southampton County;" (2) the Southampton Circuit Court ignored his filings;
(3) a property tax case was brought against Sanford "as punishment for his action of entering the
Mayor[']s race in the City of Franklin;" and (4) the Circuit Court judge in Southampton County
discriminated against Sanford in a number of cases and Sanford experienced disrespect by and
racism from the Circuit Court judge in "open [c]ourt."  (ECF No. 40, at 2.)  Sanford contends
that the court "once again [did] not review[] any of the [d]ocuments presented to [it]." (ECF

16

No. 40, at 2.)  Sanford's Amended Complaint omits mention of any action taken by Selective

Insurance.  (ECF No. 40, at 2.)  Sanford complains that Franklin "seized his SUV[,] which he

owed no tax on," rendering him homeless and causing him to experience "mental pain."  (ECF

No. 40, at 3.)

       None of these facts or any of the other conclusory assertions would enable the Court to

reasonably infer that any defendant discriminated against Sanford, and such facts especially do

not show how Defendants could have violated the Civil Rights Act of 1964.  Although Sanford

now identifies a protected class under the Civil Rights Act of which he is a member (his race), he

does not allege that his race is the *basis* for the discriminatory lawsuit brought by the City of

Franklin, nor does he set forth any specific facts detailing the racial discrimination he

experienced from the judge sitting in the Southampton Circuit Court.[13]  Instead, he charges that

the judge called him "arrogant," that he "would not negotiate with the city", and that he had

"gotten all the [d]ue process [he] would receive from" the court.  (ECF No. 40, at 2.)  Although

he labels this conduct "pla[i]n racism," (ECF No. 40, at 2), that conclusory statement cannot be

supported by the allegations in his Amended Complaint.

       Sanford may operate under the misapprehension that he has cured the previous defects in

his Complaint by attaching an "Exhibit A" to his Amended Complaint that contains records from

his property tax matters in Southampton Circuit Court and the subsequent appeals, and by

submitting records that he says confirm  his disabled status according to the Veterans

Administration.  He submits these case documents "as evidence[14] that . . . [he] owed no taxes on

---

[13] Sanford also does not allege what section of the Civil Rights Act under which he files
this claim.

[14] While Sanford clearly offers this as "evidence," read liberally, this might also be
construed as a motion to remove Sanford's state case to this federal court.  (ECF No. 40.)  To the

his property [and] the presiding [j]udge . . . refuse[d] to even [r]ule [on the case]." (ECF No. 40, at 2.) The case materials, (ECF Nos. 40-1, 40-2, 40-3, 40-4, 40-5), consist of 245 pages that, even if taken as statements incorporated into the Amended Complaint, would "place 'an unjustified burden on the court and the party who must respond to [them] because they are forced to select the relevant material from a mass of verbiage.'" *Sewraz*, 2009 WL 211578, at *1 (quoting *Salahuddin*, 861 F.2d 42).

Even more fundamentally, when Sanford submits these state court case documents before a federal court, the Court has no choice but to apply the *Rooker-Feldman* doctrine. Review of these state court documents and decisions clearly would amount to something akin to an appellate review of the proceedings in the state court, which the Court cannot and will not do. "The 'essence of the [*Rooker-Feldman*] doctrine, which is derived from federalism, comity, and the U.S. Supreme Court's exclusive appellate jurisdiction over state-court decisions, [is] that a federal district court will not engage in what amounts to appellate review of a state court's decision.'" *Sanford I*, 2016 WL 8260049 at *3 (quoting *Rutledge*, 2009 U.S. Dist. LEXIS 133016 at *5). As Judge Jackson ruled in *Sanford I*, the District Court for the Eastern District of Virginia lacks subject matter jurisdiction to grant Sanford relief in the form of "determin[ing] that the Southampton County Circuit Court's orders were erroneous and [] tak[ing] action that would render such orders ineffectual." *Id.*

Even if the Court did have jurisdiction, absent more than conclusory allegations that the Defendants discriminated against him, Sanford cannot "state a claim to relief that is plausible on

---

extent the Amended Complaint might seek to remove Sanford's state action to this Court by appending the record, it would be denied because, as outlined in the Court's July 30, 2021 denial of Sanford's previous motion to remove, (ECF No. 27), there is no basis to remove his state action to this Court. (ECF No. 33, at 8–10.)

its face." *Twombly*, 550 U.S. at 570.  Sanford's allegation of discrimination fails to provide

sufficient plausible facts to establish that Defendants violated the Civil Rights Act of 1964.  For

the same reasons that it did so in July of 2021, (ECF Nos. 33, 35), this Court will Grant the

Motions to Dismiss these claims.

### 3. The Court Will Dismiss Sanford's Claim That Defendants Violated His Constitutional Rights Under the Fourteenth Amendment

The Court will dismiss, as it did in July of 2021, Sanford's Fourteenth Amendment claim

because he fails to state a claim on which relief can be granted.  Sanford claims in the Amended

Complaint that "his right to [d]ue [p]rocess . . . has been violated by the Circuit Court of

Southampton County and their [o]fficers of the [c]ourt."  (ECF No. 40, at 3.)  Again, Sanford

omits mention of any action taken by Selective Insurance.  In fact, he does not mention the City

of Franklin in this claim, but the Court will reasonably infer that he includes Franklin as part of

his grievance against the Southampton Circuit Court and his tax case generally.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . .

deprive any person of life, liberty, or property, without due process of law."  U.S. CONST.

amend. XIV, § 1.  Sanford quotes the relevant aspects of the constitutional amendment

accurately.  But he does not invoke any particular doctrine under which he complains, and he

offers no facts supporting any doctrine the Court could discern, even reading his Amended

Complaint liberally.

The Due Process Clause encompasses both "substantive due process" and "procedural

due process," but Sanford does not specify the protection under which he brings his claim.

"'[S]ubstantive due process' prevents the government from engaging in conduct that 'shocks the

conscience' . . . or interferes with rights 'implicit in the concept of ordered liberty'."  *United*

*States v. Salerno*, 481 U.S. 739, 746 (1987) (quoting *Rochin v. California*, 342 U.S. 165, 172

(1952); *Palko v. Connecticut*, 302 U.S. 319, 325–326 (1937)). "Procedural due process" protects

against "unfair or mistaken deprivations of individual interests by commanding states to provide

persons in jeopardy of loss with certain procedural safeguards." *Mallette v. Arlington Cnty.*

*Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 634 (4th Cir. 1996). A "procedural due

process" claim "calls for two separate inquiries . . . [f]irst, did the plaintiff lose something that

fits into one of the three protected categories: life, liberty, or property . . . [a]nd, if so, did the

plaintiff receive the minimum measure of procedural protection warranted under the

circumstances?" *Id.* (quoting *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Logan v.*

*Zimmerman Brush Co.*, 455 U.S. 422 (1982)).

        Sanford articulates what he says is Southampton's conduct that gave rise to this claim.

However, Sanford states only that Southampton and its "[o]fficers of the [c]ourt" did not keep

his case information within the court's document system.  (ECF No. 40, at 3.)  This statement

does not enable the Court to reasonably infer that Sanford's Fourteenth Amendment rights were

violated under the Due Process Clause.  Sanford does not allege Southampton interfered with a

specific fundamental right or that he lost something other than his "case

information." (ECF No. 40, at 3.)  Further, the Amended Complaint lacks any facts as to a

County Administrator of Southampton County or its "polic[ies] or custom[s]" that would allow a

municipality to be held liable under 42 U.S.C. § 1983 for the acts of omissions of its employees.

*Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

        Similarly, Sanford's Amended Complaint lodges nothing more than conclusory

allegations against Southampton that are grounded neither in fact nor law.  (ECF No. 40, at 3.)

(claiming that "the [Southampton] Court system documents ha[ve] been submitted to the Court

under this case number [which] [prove] tha[t] Due [P]rocess was not awarded to [Sanford]").

Without more, the Amended Complaint cannot withstand a Rule 12(b)(6) challenge. Sanford's conclusory allegations fail to provide any plausible facts establishing that Southampton—or any Defendant—took part in any actions against Sanford that violated the Fourteenth Amendment to warrant punitive damages of $220,000,000.00. (ECF No. 40 at 3.)

### B.    <u>Rule 11 Warning to Sanford</u>

The Court will deny the Motions for Sanctions at this time, although they are more than well taken. Rule 11(b) requires any party who signs a motion—and that includes Sanford—to conduct a reasonable inquiry into the facts and law underlying the submission to ensure that the motion is well grounded factually and legally. *See* Fed. R. Civ. P. 11(b).[15] Rule 11 applies to both represented and *pro se* parties. *See Harmon v. O'Keefe*, 149 F.R.D. 114, 116 (E.D. Va.

---

[15] As it did in its earlier ruling, (ECF No. 33), the Court provides Sanford with all language included in Rule 11. Federal Rule of Civil Procedure 11(b) reads in full:

(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

1993) (citing *Bus. Guides v. Chromatic Commc'n Enters., Inc.*, 498 U.S. 533, 551 (1991)). (internal citation omitted).  It is obvious that Sanford is not looking to the Federal Rules of Civil Procedure, but he must.  For instance, Sanford perceives the Defendants as threatening him when they notify him that they will file for sanctions.  (ECF No. 81.)  But the Defendants *must* notify him before they seek sanctions, or they would violate Rule 11.  Fed. R. Civ. P. 11(c)(2).

Rule 11 provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  Federally, Sanford has been *thrice* notified that his filings lack a good faith basis demonstrating that a reasonable inquiry into the facts and law ensuring that the motion is well grounded factually and legally:  first by his loss in *Sanford I*, second by the dismissal, without prejudice, in *Sanford II*, and third by this dismissal, with prejudice, in *Sanford II*.

Specifically, after the Court's last Rule 11 warning, Sanford has lodged at least seventeen filings in this case lacking any good-faith basis.  Four motions sought to have the Court's clerk issue subpoenas on Defendants outside of the discovery process.  (ECF Nos. 53, 54, 64, 87.)  Four other motions sought to submit evidence through pretrial filings.  (ECF Nos. 56, 59, 71, 84.)  An additional four motions repeatedly requested trial and hearing dates.  (ECF Nos. 58, 79, 82, 90.)  Even given Sanford's *pro se* status, "a brief inquiry into the Federal Rules of Civil Procedure would have revealed that these motions were not pertinent . . . and would be inevitably denied."  *Price v. First Star Mortg.*, No. 2:03cv568, 2006 WL 2381921, at *3 (E.D. Va. Aug. 15, 2006).  Although the Court remains mindful of Sanford's *pro se* status, *pro se* plaintiffs "must nevertheless abide by minimum standards of rationality and specificity."  *In re Grenadier*, No. 1:18mc10, 2018 WL 3233648, at *7 (E.D. Va. July 2, 2018).  The filing of

22

frivolous motions in this matter have continued to improperly waste judicial resources and to increase cost and fees for the Defendants.

The Court acknowledges that Sanford feels that he has suffered injustice. He is obviously distraught by the loss of his home and car. But he must accept the multiple findings of courts, both state and federal. His claims do not prevail. His continued attempts to challenge these events, and to do so with faulty factual allegations and by citing inapplicable laws, violates the substantive and procedural rules that the Court must apply. And they are frivolous.

The Court therefore warns and admonishes Sanford, *for a second and final time*, that his lack of counsel does not excuse him from meeting the requirements of Rule 11 and fulfilling the obligation to file only those motions that have a good-faith basis in law and fact. Should Sanford continue to file frivolous lawsuits and motions, the Court will consider sanctions under Rule 11(b), likely in the form of a prefiling injunction given Sanford's *in forma pauperis* status.[16] *See Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1008 (4th Cir. 2014) ("If a court 'determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation . . . although the sanction 'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated'" (citation omitted)).

### IV. Conclusion

For the foregoing reasons, to the extent that Sanford's Motion to Submit Violation of His Rights as a Service Member, (ECF No. 59), constitutes a motion to file a Second Amended

---

[16] The Court is well aware of the import of Sanford's right to access the courts. Often, a monetary penalty is the first recourse in issuing a sanction. Here, though, the gravamen of Sanford's claims surround the fact that the government has improperly taken all of his money. The Court is loathe to spawn a spinoff round of litigation in which the Defendants seek payment from Sanford he will likely be unable to pay.

Complaint, it will be DENIED. The Court also DENIES Sanford's Motion to Join the
Department of Justice. (ECF No. 85.) The Court will GRANT the Motions to Dismiss, (ECF
Nos. 42, 44, 46), and will DISMISS WITH PREJUDICE the Amended Complaint. (ECF
No. 40.) The Court will DENY the Motions for Sanctions. (ECF Nos. 49, 50.) The Court will
also DENY Selective's Motion for Protective Order, (ECF No. 66), and the remainder of
Sanford's Motions, (ECF Nos. 53, 54, 56, 58, 64, 69, 71, 73, 79, 82, 84, 87, 90, 91, 92), as
MOOT.

        An appropriate Order shall issue.


Date: 9/23/22

Richmond, Virginia

M. Hannah Lauck
United States District Judge